[No. 3,219.]

## AUSTIN SPERRY *v.* WILLIAM H. SPAULDING.

NEGOTIABLE PAPER.—The general rule is, that the holder of negotiable paper is presumed to have taken it for value, and before its dishonor, and in the regular course of business, and the burden of proof to overthrow these presumptions lies on the maker.

IDEM.—If, however, the note was fraudulently put into circulation, it is incumbent on the indorsee to prove that he gave value for it.

INSTRUCTIONS TO A JURY.—A party is entitled to have a jury instructed upon the law of the case as made by his testimony, if it is not contradicted.

APPEAL from the District Court of the Fifth Judicial District, County of San Joaquin.

On the trial the plaintiff offered the two promissory notes, and the indorsements thereon, in evidence, and then rested.

The defendant was sworn on his own behalf, and gave evidence tending to establish the defense set up in the answer. The larger note was dated October 1st, 1862, but the defendant testified that it was made some time after it bore date, and that it remained in the safe of Felton, who was the payee, until January 1st, 1863, and that he was then a clerk for Felton, who was in the furniture business. After the defendant rested, the plaintiff, in rebuttal, called Felton, who testified that the note was written on the 25th day of September, 1862, and that he transferred it to Sperry on the next day.

The defendant's counsel then asked him what the consideration of the note was, and what Sperry paid him for it; but the Court refused to allow the question to be put, on the objection of the plaintiff's counsel that they were not cross-examination.

Defendant's counsel then said to the witness: "State whether that twenty-two hundred dollar note was delivered by you as collateral security for the payment of a debt due by you to Mr. Sperry."

The plaintiff objected that this was not cross-examination.

The Court sustained the objection, and the defendant excepted.

The plaintiff then called as a witness Sperry, the indorsee, who testified that the note was indorsed over to him on the 26th day of September, 1862, and that he received it at that time, and it had been in his possession every day since.

Counsel for defendant then asked Sperry what he paid for the note; but the Court, on objection of plaintiff's counsel, that it was not cross-examination, refused to allow the witness to answer.

There was no testimony but the defendant's on the special defense set up in the answer. The defendant asked the Court to give the following instruction, which was refused:

"There is no evidence that the plaintiff paid value for the notes sued on in this case; and if the jury believe from the evidence that the note of twenty-two hundred dollars described in the complaint was fraudulently put in circulation by the witness Felton, and passed to the plaintiff, it is incumbent on the plaintiff to show that he paid value for the note, and not having proven such payment the defendant is entitled to judgment as to that note."

The plaintiff recovered judgment, and the defendant appealed.

The other facts are stated in the opinion.

*McKune & Welty* and *Terry & Carr*, for Appellant.

The Court erred in refusing to allow Felton and Sperry to answer the questions put to them. (*Jackson* v. *Feather River W. Co.*, 14 Cal. 19; *Rex* v. *Brooke*, 2 Starkie, 472; *Phillips* v. *Eamer*, 1 Espinass, 357; *Dickenson* v. *Shee*, 4 Espinass, 67; *Regina* v. *Murphy*, 1 Armstrong M. & Otis, Irish, 204;

*Morgan* v. *Brydges,* 2 Starkie, 314; *Moody* v. *Rowell,* 17 Pick. 493.)

The Court erred in refusing the instruction asked by appellant. (*Munroe* v. *Cooper,* 5 Pick. 412; *Baily* v. *Bidwell,* 13 M. & W. 73; *Smith* v. *Braim,* 3 E. L. & Eq. 379; *Harvey* v. *Townes,* 4 E. L. & Eq. 531; *McKisson* v. *Stanbury,* 3 Ohio, 156; *Bissell* v. *Morgan,* 1 Cush. 198; *Sistern* v. *Field,* 9 Gray, 331; *Tucker* v. *Morrell,* 1 Allen, 528.)

*J. H. Budd* and *W. L. Dudley,* for Respondent.

The defendant's evidence, if believed by the jury, tended to establish two, and perhaps three, material facts:

First—That the note was not made at the time it bears date (October 1st, 1862), but sometime afterwards.

Second—That it was without consideration.

Third—That Felton was to keep the note until called for by the defendant.

To meet and dispose of the statement of the defendant, to wit: that the note of two thousand two hundred dollars was not in existence October 1st, 1862, the indorser and plaintiff both testified that the note was in Stockton, September 26th, 1862. Here the defendant was flatly contradicted upon a material issue, by two witnesses, and the evidence must have satisfied the jury that the statement of the defendant as to the time of the execution of the note was not true.

But it is urged by the defendant's counsel that the defendant having testified that the indorser, Felton, was to keep the note in his possession until the defendant called for it, and not to put it in circulation, the presumption of law in favor of the plaintiff that he paid value was removed, and that the *onus* was thereby put upon the plaintiff to show that he paid value for the note, though received before due, in order to recover. If this proposition of counsel is law, which we deny, still, the case as shown by the transcript, is

with the plaintiff, and the verdict of the jury should not be set aside.

The only evidence for the defense is the testimony of the defendant. The jury saw him and heard his story about the making of that note. In his direct examination he swears positively that the note was not made at the time it bears date, but was made sometime afterwards. (It bears date October 1st, 1862.) He also testified that Felton remained at Sacramento some days after the note was made and delivered. On his cross-examination he said he thought the note was made and delivered about two months after its date—about December 1st, 1862.

To rebut this evidence the plaintiff proved by the positive evidence of L. P. Felton, to whom the note was payable, that the note was made September 25th, 1862, and was assigned and delivered to the plaintiff the next day, the twenty-sixth, and was not in Sacramento after said twenty-sixth day. The plaintiff testified that the note was indorsed to him September 26th, 1862; that he received it at that time, and it had been in his possession ever since.

Now it certainly was the province of the jury to settle this conflict in the evidence of the three witnesses. The jury passed upon this evidence, under the instructions of the Court, and accepted the statement of the plaintiff and Felton as true. The jury were the sole judges of the fact. If they believed any witness was impeached, or that any witness had knowingly testified falsely to any material fact in the case, the jury might disregard his entire evidence.

"When an indorsee takes a bill or note by indorsement before it is due, and without notice of fraud or other matter of defense, he takes it on an independent title, by indorsement, and will not be affected by any payment, set-off, fraudulent consideration, or other matter of defense. which the acceptor or promisor might have had against any previous holder or prior party, he is not in privity with such prior

party, does not claim under him, and is not bound by the acts, frauds, or admissions of any such prior party.  *  *  *."
And this principle is held with great firmness and strictness; and by a series of recent decisions, the rule upon this subject, instead of being relaxed, is held with greater strictness than formerly.   (See, also, under this head, *O' Keefe* v. *Dunn*, 6 Taunt. 305; *Dunn* v. *O'.Keefe*, 5 M. & S. 282; *Gill* v. *Cubitt*, 3 B. & C. 466.)

By the Court, RHODES, J.:

This action is brought by the indorsee against the maker of two promissory notes.   No question is made in respect to the smaller of the two notes.   As a defense to the other note, it is alleged that when it was given, the parties entered into a " collateral, independent agreement," that the payee should not put it into circulation, and that it should " never be used by him excepting only as evidence " to sustain an assignment of certain notes, accounts, and bills receivable, which the payee had assigned to the maker for collection, should a suit be brought by the creditors of the payee to set aside the assignment; and that the note should be surrendered after the maker had accounted with the payee for the proceeds of the notes, accounts, and bills receivable.   It is also alleged, that the note was indorsed by the payee to the plaintiff, without any consideration.

On the trial the defendant testified substantially to the facts set up in his answer, in respect to the collateral agreement made between him and the payee, and among other things, stated that the payee agreed to keep the note until he (the maker) called for it; that it "should never see the light of day till I (the maker) called for it;" and that it was to be used to protect the maker in the assignments mentioned in the answer, if certain creditors should institute a suit to take them out of his hands, *and in no other way.*

The principal question in the case is this: Upon which party does the law cast the burden of proof in respect to the consideration of the indorsement? The general rule is that the holder of negotiable paper is presumed to have taken it for value, and before its dishonor, and in the regular course of business; and the burden of proof to overthrow these presumptions lies upon the maker. (1 Pars. Notes and Bills, 255, and cases cited.) To this rule, however, there are exceptions, one of which is, that if the note was fraudulently put into circulation, it is incumbent on the indorsee to prove that he gave value for it. Most of the cases cited by the defendant sustain this exception to the general rule. (See, also, 1 Pars. Notes and Bills, 188.) The reason given for the exception is, that the presumption is that the guilty party transferred it, in order that he might recover on it for his own use, but in the name of a third person. The defendant's fourth instruction, to the effect that if the evidence showed that the note had been fraudulently assigned to the plaintiff, the burden was on him to show that he had paid value for it, should have been given.

It is insisted by the plaintiff, that as the defendant's evidence in respect to the time when the note was made and transferred was contradicted by that of the payee and the indorsee, the jury were justified in rejecting as untrue, all of the defendant's evidence; and that in view of the verdict, the Court should presume that the jury had so rejected the evidence. But it is obvious that the defendant was entitled to have the jury instructed upon the law of the case, on the theory that they would regard all his testimony as true.

Judgment and order reversed, and cause remanded for a new trial.

Mr. Chief Justice WALLACE did not express an opinion.