EDWARD RISCHE & SONS V. PLANTERS NATIONAL BANK.

No. 7396.

1. **Bona Fide Holder of Negotiable Paper.** — If plaintiff (endorsee) became the owner of the accepted bill declared on before its maturity in ordinary course of business for valuable consideration and without notice of any defenses the acceptors may have had, facts alleged to have occurred after that could not affect its right to recover on the acceptance through which the defendants became bound as principal debtors. It was not error to sustain exceptions to so much of the answer as set up such after-occurring transactions.

2. **Fraudulent Combination between Payee and Endorsee.**—In addition to other matters pleaded by the acceptors who were defendants, the answer contained a denial that the plaintiff was the owner of the bill, and alleged that the paper had been accepted under an agreement that it should not be paid until goods consigned them by the drawers should be sold, but that until that occurred the drawers agreed that the paper should not pass from their control, but that the drawers and the plaintiff, in violation of this agreement, "have combined and confederated together for the purpose of defeating the ends of justice, and with intent to defraud these defendants have caused this suit to be instituted in the name of said plaintiff for the purpose of cutting off these defendants from said just defense against the said acceptance, as hereinbefore set out, and of rendering said defense nugatory and unavailing either now or hereafter." The answer set up a good defense against the drawers, and if such allegations be true there can be no doubt but that the paper was put into circulation fraudulently. This being shown, the presumption that the indorsees are innocent holders can not be indulged, and the burden of proving that they acquired the bill before maturity in ordinary course of trade for value rests upon them. The exceptions to so much of the answer as alleged fraudulent combination between the plaintiff and the drawers should have been overruled.

3. **Variance.** — The bill of exchange declared on was described as drawn by "Blackmur & Co., by M. P. Blackmur, atty." The bill produced was signed "Horace Blackmur & Co.    M. P. Blackmur, atty." Objection for variance was properly overruled.

APPEAL from Bexar.    Tried below before Hon. G. H. NOONAN.
No statement is necessary.

*Wm. Aubrey,* for appellants.—1. Fraud in the inception of a negotiable instrument, or circumstances which raise a strong suspicion of fraud, is a good defense in a suit on such instrument, and will throw on

the plaintiff the burden of proving that he· acquired the instrument bona fide, for value, in the usual course of business, while current, and under circumstances which created no presumption that he knew the facts which impeach its validity. Blum v. Loggins, 53 Texas, 121; Holcomb v. Wycoff, 35 N. J., 35; Rogers v. Morton, 12 Wend., 484; Tied. Com. Paper, sec. 34d; Benton v. Martin, 52 N. Y., 574; Chipman v. Tucker, 38 Wis., 43; Bookstaver v. Jayne, 60 N. Y., 150; Juillard v. Chaffe, 92 N. Y., 535; Ins. Co. v. Crane, 134 Mass., 62; Gibson v. Miller, 29 Mich., 358; Westmann v. Krumweide, 30 Minn., 315; 54 Conn., 252.

2. The acceptors of a bill may, when sued by the assignee, show that the plaintiff is not the real owner of the bill, but that by a fraudulent combination between the drawers and such plaintiff the suit has been brought in the name of the latter for the purpose of cutting off defenses that would be available against such drawers and original owners.

*Shook & Vander Hoeven,* for appellee.—1. The court did not err in sustaining the exceptions of plaintiff (appellee) filed as a part of its first supplemental petition, September 11, 1889, to defendants' (appellants') amended original answer, filed March 19, 1889; nor did the court err in striking from the record all of said amended answer except the general denial and general demurrer therein contained. Because:

(1) The said answer constituted no defense to appellee's suit. Rev. Stats., arts. 265, 271, 272, 1265; Johnson v. Mitchell, 50 Texas, 212; Bank v. Evans, 36 Texas, 592; Gee v. Saunders, 66 Texas, 333; Cooper v. Singleton, 19 Texas, 267; Dolson v. De Ganahl, 70 Texas, 620; Smith v. Turney, 32 Texas, 143; Smith v. Clopton, 4 Texas, 109; McDonough v. Vansickle, 32 Texas, 134; Hopkins v. Seymour, 10 Texas, 202; Watson v. Flanagan, 14 Texas, 354; Herndon v. Bremond, 17 Texas, 432; Blair v. Rutherford, 31 Texas, 465; Hutchins v. Flintge, 2 Texas, 473; Johnston v. Josey, 34 Texas, 533; Wheeler v. Bank, 3 Ct. App. C. C., sec. 153; Van Alstyne v. Sorley, 32 Texas, 518; McAlpin v. Finch, 18 Texas, 831; Knight v. Pugh, 4 Watts & Serg., 445; Greneaux v. Wheeler, 6 Texas, 515; Price v. Blount, 41 Texas, 472; Heffron v. Cunningham, 13 S. W. Rep., 259, 260; Raborg v. Peyton, 2 Wheat., 385; Dugan v. United States, 3 Wheat., 172; Goodman v. Simonds, 20 How., 343; Canal and Banking Co. v. Montgomery, 95 U. S., 16; Carpenter v. Longan, 16 Wall., 271; Swift v. Tyson, 16 Pet., 1; Swift v. Smith, 102 U. S., 442; Bank v. Dunn, 6 Pet., 51; Bank v. Jones, 8 Pet., 12; Henderson v. Anderson, 3 How., 73; Smith v. Strader, 4 How., 404; Lambert v. Sandford, 2 Blackf., 137; Bank v. Doyle, 9 R. I., 76; Goodpaster v. Voris, 8 Iowa, 334; Hatch v. Hyde, 14 Vt., 25; Colburn v. Averill, 30 Me., 310; Mobley v. Ryan, 14 Ill., 51; Rice v. Ragland, 10 Humph., 545; Canal and Banking Co. v. Templeton, 20 La. Annual, 141; Diversy v. Moor, 22 Ill., 330; Davis v. Bartlett, 12 Ohio St., 534; Bank v. Hall, 44 N.Y., 395; Newton v. Porter, 69 N.Y., 133; Ward v. Howard,

88 N. Y., 74; Bedell v. Carll, 33 N. Y., 581; Collins v. Martin, 1 Bos. & Pull., 651; Bramah v. Roberts, 1 Bing. New Cas., 469; Solomons v. Bank of England, 13 East, 135, note (a); Bank of Ireland v. Beresford, 6 Dow, 237; Dickerson v. Burke, 25 Ga., 225; Story on Prom. Notes, secs. 178, 418, 423, 453; Story on Bills, secs. 188, 191, 432, 434; 1 Dan. Neg. Inst., sec. 812, p. 609; Tied. Com. Paper, sec. 34d; 2 Rand. Com. Paper, secs. 463, 464, 995; 1 Pars. Notes and Bills, 51; 3 Kent, 110, 158, 160; 3 Story, 393; Byles on Bills, p. 291; Chitty on Bills, 8 ed., 1833, pp. 269, 270; Bayley on Bills, 5 ed., 1830, p. 170; Edw. on Bills, 289.

(2) Appellants failed to allege that appellee obtained the bill of exchange sued on after maturity, or without giving a valuable consideration therefor, or that appellee had notice of any discount or defense against said draft. Rev. Stats., arts. 265, 272; Rhode v. Alley, 27 Texas, 443; Davis v. Gray, 61 Texas, 506; Maxwell v. McCune, 37 Texas, 515; Herndon v. Bremond, 17 Texas, 432; Blair v. Rutherford, 31 Texas, 465; Watson v. Flanagan, 14 Texas, 354; Carpenter v. Longan, 16 Wall., 271; Goodman v. Simonds, 20 How., 343; Brown v. Spofford, 95 U. S., 474; Murray v. Lardner, 2 Wall., 110; Morris v. Foreman, 1 Dall., 193; Ellicott v. Martin, 6 Md., 509; Magee v. Badger, 34 N. Y., 247; Woodworth v. Huntoon, 40 Ill., 131; Way v. Richardson, 3 Gray, 412; Bank v. United States, 2 How., 711; Thurston v. McKown, 6 Mass., 428; Wheeler v. Guild, 10 Pick., 545; Uther v. Rich, 10 Ad. & El., 784; 8 Wend., 600; Story on Bills, secs. 168, 193; 1 Dan. Neg. Inst., sec. 770.

(3) The alleged verbal agreement existing between appellants and Horace Blackmur & Co. could not be binding on appellee, who acquired said acceptance before maturity, because appellee was not charged with notice. Rev. Stats., art. 272; Herndon v. Bremond, 17 Texas, 432; Blair v. Rutherford, 31 Texas, 465; Bank v. Evans, 36 Texas, 592; Davis v. Gray, 61 Texas, 506; Maxwell v. McCune, 37 Texas, 515; Watson v. Flanagan, 14 Texas, 354; Wheeler v. Bank, 3 Ct. App. C. C., sec. 153; Gee v. Saunders, 66 Texas, 333; Dolson v. De Ganahl, 70 Texas, 620; Brabston v. Gibson, 9 How., 263; Collins v. Gilbert, 94 U. S. 753; Goodman v. Simonds, 20 How., 343; Merrill v. Merrill, 3 Greenl., 463; Stalker v. McDonald, 6 Hill., 93; Adams v. Wilson, 12 Metc., 138; Harrison v. Edwards, 12 Vt., 648; Smith v. Moberly, 10 B. Monroe, 266; Payne v. Bensley, 8 Cal., 260; Atkinson v. Brooks, 26 Vt., 569; Davis v. McCready, 17 N. Y., 230; Hodges v. Schuler, 24 Barb., 68; Story on Bills, secs. 188, 193.

(4) The allegations of appellants, that the acceptance sued upon was not to pass from the control of the drawers, Horace Blackmur & Co., and that the payment of the same should be made on certain conditions, constituted no defense, for the following reasons: because said draft was negotiable, and by its written terms was an unconditional promise to pay a certain fixed sum of money at a specified date, absolutely and at all events, and was therefore conclusive of the contract

and could not be changed by parol evidence; further, because appellee was not charged with notice; and further, because appellants by their acceptance of said bill of exchange were estopped from impeaching the consideration thereof. Dolson v. De Ganahl, 70 Texas, 620; Goodpaster v. Voris, 8 Iowa, 334; Smith v. Turney, 32 Texas, 143; Stalker v. McDonald, 6 Hill, 93; Bank v. Evans, 36 Texas, 592; Russel v. Hadduck, 3 Gilman, 233; Henderson v. Anderson, 3 How., 43; Goodman v. Simonds, 20 How., 343; Merrill v. Merrill, 3 Greenl., 463; Hatch v. Hyde, 14 Vt., 25; Prosser v. Luqueer, 4 Hill, 420; Adams v. Wilson, 12 Metc., 138; Parks v. Ingram, 22 N. H., 283; Heaverin v. Donnell, 7 Smed. & M., 244; Foy v. Blackstone, 31 Ill., 538; Mobley v. Ryan, 14 Ill., 51; Winston v. Westfeldt, 22 Ala., 760; Rice v. Ragland, 10 Humph., 545; Smith v. Moberly, 10 B. Monroe, 266; Payne v. Bensley, 8 Cal., 260; Atkinson v. Brooks, 26 Vt., 569; Davis v. McCready, 17 N. Y., 230; Spivallo v. Patten, 38 Cal., 138; Hodges v. Shuler, 24 Barb., 68; Robinson v. Reynolds, 2 Ad. &. Ell. (N. S.), 196, 211; 3 Kent Com., 74; 1 Dan. on Neg. Inst., 125; Tied. on Com. Paper, sec. 34d.

(5) The alleged matter of estoppel pleaded by appellants was insufficient as a defense to appellee's suit.

Acceptor is liable at all events: 3 Kent, 158, 160; 3 Story, 393; Anderson v. Cleveland, 13 East, 430 (1779); Story on Prom. Notes., secs. 418–423, and note; Story on Bills, secs. 191, 268, 432, 434; 1 Pars. on Bills and Notes, p. 325; Van Alstyne v. Sorley, 32 Texas, 518; Byles on Bills, p. 291.

Nothing will discharge acceptor but payment: 3 Kent, 110, et seq.

Acceptor is first liable as principal: Clopper v. Bank, 7 Har. & J., 92; Parks v. Ingram, 22 N. H., 283; Kuper v. Bank of Galena, 34 Ill., 328; Diversy v. Moor, 22 Ill., 330; 3 Kent Com., 75.

Accommodation acceptor is not discharged by indulgence to drawer, although indorsee knows all the facts: Raborg v. Peyton, 2 Wheat., 385; Parks v. Ingram, 22 N. H., 283; Lambert v. Sandford, 2 Blackf., 137; Fentum v. Pocock, 5 Tann., 192 (contradicting Laxton v. Peak, 2 Campl. N. P., 185).

Release of drawer or indorser of bill will not discharge acceptor: Bank v. Rathbone, 26 Vt., 19; White v. Hopkins, 3 Watts & Serg., 99; Bank v. Cunningham, 24 Pick., 270.

Delay to proceed against drawer and allowing him to become insolvent will not discharge acceptor: Anderson v. Cleveland, 13 East, 430 (1779); Story on Bills, sec. 268, and cases cited.

(6) The latter portion of appellants' answer was insufficient on general demurrer, and particularly so on special demurrer, because the same was not verified by affidavit. Rev. Stats., art. 1265, subdiv. 10.

2. (1) There was no variance between the allegata and probata.

(2) Appellants having accepted the bill of exchange sued on, they admitted the capacity of the drawers to draw the bill.

(3) The bill having been drawn by one professing to act as agent of the drawers, the acceptance of the draft by appellants admitted his handwriting and authority as agent to draw and by implication to indorse the same.

(4) The acceptors admit the capacity of the payees to indorse the bill when it is drawn to the payees' order, for by the very act of acceptance they agree to pay to their (the payees') order.

(5) The acceptance was properly admitted without further proof, unless appellants denied under oath the execution and indorsement of the same. Rev. Stats., arts. 271, 1265, secs. 8, 9; Land and Cattle Co. v. Carroll, 63 Texas, 48; Green v. Skeel, 9 N. Y. (2 Hun), 486; Hager v. Rice, 4 Colo., 94; Early v. Wilkinson, 9 Gratt., 68; Hutchins v. Flintge, 2 Texas, 473; Bedell v. Carll, 33 N. Y., 581; Huntermatte v. Morris, 101 N. Y., 63; Bank v. Bank, 1 Kelly (Ga.), 429; Bank v. Bank, 5 Wheat., 337; Eckhart v. Reidel, 16 Texas, 62; McClellan v. Reynolds, 49 Mo., 314; Johnson v. Mitchell, 50 Texas, 212; Robinson v. Yarrow, 7 Taunt., 445; 1 Moore, 150; Railway v. Sneed, 19 Gratt., 354; Devendorf v. O. & O. L. Co., 17 W. Va., 172; Haile v. Pierce, 32 Md., 327; Pratt v. Beaupie, 13 Minn., 190; Harrison v. Edwards, 12 Vt., 648; Bolton v. Harrold, 9 Martin, 326; Doll v. Rizotti, 20 La. Annual, 263; Lewis v. Alexander, 51 Texas, 584; Sessums v. Henry, 38 Texas, 42; Rees v. Bank, 5 Rand., 326; Colburn v. Averill, 30 Me., 310; Wild v. Bank, 3 Mason, 505; N. O., etc., Co. v. Templeton, 20 La. Annual, 141; Bass v. Clive, 4 M. & S., 13; Story on Prom. Notes, sec. 453; 1 Pars. Notes and Bills, 322; Chitty on Bills, pp. 425, 428, 429; Story on Bills, sec. 113; Thomp. on Bills, 230, 231; 1 Dan. Neg. Inst., 305, 535–537.

Acceptors can not set up defense that payees were incapacitated by law to indorse: Jones v. Darch, 4 Price, 300; Taylor v. Croker, 4 Esp., 187; Smith v. Marsack, 6 C. B., 486; Draton v. Dale, 2 B. & C., 293.

STAYTON, CHIEF JUSTICE.—This action was brought by appellee, as indorsee of an accepted bill of exchange. The bill of exchange and acceptance sued on were as follows:

"$1090.00.                              "RICHMOND, VA., March 31, 1885.

"Three months after date, pay to the order of ourselves ten hundred and ninety dollars, value received, and charge the same to account of

"HORACE BLACKMUR & CO.,

"M. P. BLACKMUR, Atty.

"*To Edw. Rische & Sons, San Antonio, Texas.*"

Accepted across the face thus:

"Accepted: EDW. RISCHE & SONS."

Indorsed thus:

"HORACE BLACKMUR & CO.,

"M. P. BLACKMUR, Atty."

The petition alleged, that appellee became the owner of the paper in due course of business, before its maturity, for valuable consideration and without notice of any defense against it.

Appellants, who were partners, answered by general demurrer, general denial, and further, in substance, alleged, that Horace Blackmur & Co. agreed to consign to them merchandise to be sold and paid for when sold, but not before; that the consignment was made and the instrument sued upon forwarded to them by Blackmur & Co. for acceptance in pursuance of a former understanding and agreement, whereby it was agreed that any acceptance given should not pass from Blackmur & Co. or be paid until the goods consigned were sold; that the bill was accepted under this agreement, but that at its maturity the merchandise had not been sold; that after its maturity, at request of Blackmur & Co., who were believed still to hold the bill, defendants delivered parts of the merchandise to Blackmur & Co. to be credited to them upon their account, and that on account of other transactions in reference to the merchandise the balance due Blackmur & Co. never did amount to more than $199.45, and that except in so far the acceptance was without consideration. There was no averment that plaintiff had notice of any of the defenses set up, nor was there any denial that it was a bona fide holder of the paper, except as this was done by the general denial and the averment that plaintiff was not the owner of the paper. The answer further alleged, that plaintiff was estopped from recovering on the paper by reason of the fact that it had failed to proceed against Blackmur & Co. until that firm had become insolvent, after being fully advised of the agreement on which the acceptance was made; and on the further ground, that plaintiff, having knowledge of the approaching insolvency of Blackmur & Co., failed to notify appellants of that fact, of which they alleged their ignorance. There was, however, no averment that plaintiff had any knowledge of any agreement between Blackmur & Co. and defendants, such as was alleged, when it obtained the paper. The defendants' plea above referred to was made under oath.

Defendants further pleaded as follows:

"And further, these defendants aver that said plaintiff and said Blackmur & Co., well knowing that said Blackmur & Co. were and are insolvent, and well knowing that said defendants had and now have a just and valid defense against any liability arising from said acceptance, have combined and confederated together for the purpose of defeating the ends of justice, and with the intent to defraud these defendants have caused this suit to be instituted in the name of the said plaintiff, for the purpose of cutting off these defendants' said just defense against the said acceptance, as herein before set forth, and of rendering said defense nugatory and unavailing, either now or hereafter; and further, that plaintiff has released and discharged said Blackmur &

Co. from liability on this bill, for a valuable consideration. And of their said answer, defendants put themselves upon the country."

Exceptions were sustained to all the answers except defendants' demurrer and general denial, and this ruling is assigned as error.

If appellee became the owner of the accepted bill before its maturity, in ordinary course of business, for valuable consideration and without notice of any defenses the acceptors may have had, facts alleged to have occured after that could not affect its right to recover on the acceptance through which appellants became bound as principal debtors, and there was no error in sustaining exceptions to so much of the answer as alleged such after-occurring transactions.

Plaintiff having alleged the facts that would constitute it an innocent holder of the paper, entitled to protection although the acceptors might have defenses good as against the drawers, the general denial contained in appellants' answer would have entitled them to introduce proof showing that plaintiff was not such a holder; and the production of the paper properly indorsed would have made a prima facie case on which plaintiff would have been entitled to recover in the absence of proof that it was not an innocent holder for value.

The answer to which exceptions were sustained, in addition to matters before stated, contained a denial that plaintiff was the owner of the paper, and, as before stated, not only alleged that the paper was accepted under an agreement that it should not be paid until the consigned goods were sold, but that until that occurred the drawers agreed that the paper should not pass from their control, but that the drawees and plaintiff, in violation of this agreement, "have combined and confederated together for the purpose of defeating the ends of justice, and with the intent to defraud these defendants have caused this suit to be instituted in the name of the said plaintiff for the purpose of cutting off these defendants' said just defense against the said acceptance, as herein before set forth, and of rendering said defense nugatory and unavailing, either now or hereafter."

That the answer set up a good defense, in part, at least, against the drawers of the bill, will not be questioned.

There was no denial in the answer excepted to that the indorsement was not genuine, and we understand the rule to be that the mere denial that a person who sues on a bill of exchange, under an indorsement in blank, is the owner of the bill, although such denial be sworn to, will not be sufficient to put the plaintiff on proof of the genuineness of the indorsement.   Way v. Richardson, 3 Gray, 412; Dan. on Neg. Inst., 813.

In the case of Hay v. Hathorn, 74 N. Y., 486, which was an action on a negotiable promissory note indorsed in blank, it was held, that an answer denying that plaintiff was the legal owner of the paper and alleging that another was the real party in interest, was sufficient to

entitle the defendant to prove these facts, and thus defeat the action, although the defendant did not set up any defense against the real party alleged to be interested in the paper.

In the case before us it is not important to inquire which of these cases states the correct rule; for we are of opinion that the answer, to which exceptions were sustained, does deny that plaintiff had the beneficial interest in the paper while conceding that it holds the legal title, for the answer does not controvert the fact that the paper was indorsed in blank by Blackmur & Co., nor that it was delivered to plaintiff by them, but it does in effect allege that this was done for a fraudulent purpose. If this be so, we see no good reason for sustaining the exceptions to the entire answer which set up a good defense against the drawers, who, according to the answer, were the real parties in interest.

The order of pleading has perhaps brought about confusion in this case. If the plaintiff, as it might have done and at the same time have stated a good cause of action, had not in the petition alleged the facts which would constitute it an innocent purchaser, then the answer to which exception was sustained would manifestly have stated a good defense, in reply to which, if plaintiff desired to show that such a defense could not be available to the defendants, it would have been incumbent on it to have alleged the facts which made it an innocent holder of the paper. That this was not the order of pleading pursued can not affect the question of the sufficiency of the answer.

If, as the pleadings stand, the plaintiff offered in evidence the acceptance with indorsement thereon, then it might rest; for it thus proved prima facie a right to recover; and in the absence of evidence to support the answer, would have been entitled to a judgment. If, however, after the plaintiff had made such proof defendants proved the facts alleged in the answer that was stricken out, then this prima facie case would be destroyed, and to recover, it would be necessary for the plaintiff then to have proved that it acquired title to the paper before its maturity, in the ordinary course of business, for valuable consideration. Plaintiff then would have been entitled to a judgment, unless defendants went further and proved that plaintiff had notice of the defenses against Blackmur & Co. at the time it acquired title to the paper.

If the averments of the answer are true, there can be no doubt that the paper was put in circulation fraudulently; and when this is shown to be the case, the presumption that an indorsee is an innocent holder can not be indulged, and the burden of proving that he had acquired the paper before maturity, in ordinary course of business, for valuable consideration, rests upon him. Blum v. Loggins, 53 Texas, 136; Collins v. Gilbert, 94 U. S., 761; Listermans v. Field, 9 Gray, 337; Tucker v. Morrill, 1 Allen, 528; Smith v. Sac County, 11 Wall., 140; Conley v.

Winsor, 41 Mich., 254; Hutchinson v. Boggs, 28 Pa. St., 294; Sperry v. Spaulding, 45 Cal., 544; Johnson v. McMurry, 72 Mo., 282; Bookstaver v. Jayne, 60 N. Y., 146; Moore v. Hegeman, 92 N. Y., 529; Bailey's Onus Probandi, 223; Dan. on Neg. Inst., 815.

The petition alleged, that the bill was drawn by Blackmur & Co., by M. P. Blackmur, attorney, and it was urged on the trial that it appeared on the face of the bill that M. P. Blackmur was a party to it, and for this reason the court was asked to exclude the paper as evidence, on the ground of variance; but we are of opinion that the objection was properly overruled. M. P. Blackmur upon the face of the paper appeared as attorney, the answer alleged that the bill was drawn by Blackmur & Co., and the acceptance admits that it was properly drawn.

No question was raised by the pleadings nor during the trial as to the want of authority in M. P. Blackmur to indorse the paper, and it can not be raised in this court for the first time. How such a defense must be pleaded the statute prescribes. Rev. Stats., 271.

For the error of the court below in sustaining exceptions to the answer, its judgment will be reversed and the case remanded.

*Reversed and remanded.*

Delivered April 22, 1892.