### MAJOR HART v. GEO. W. WEST ET AL.

No. 589.—Decided November 4, 1897.

**1. Promissory Note—Fraud—Purchase for Value—Burden of Proof.**

Where a note executed to payee without consideration, for the purpose of being discounted by him for the benefit of one of the makers, was not discounted but fraudulently put in circulation by the payee after its return had been demanded, the burden was upon the holder to prove that he paid value for it. (P. 187.)

**2. Same—Charges.**

See charges held to place upon defendants, the makers of a note defending suit on the ground that it was without consideration and was fraudulently put in circulation by the payee without authority, the burden of showing also that the holder did not pay value for it, and to be therein more favorable to the holder than was the law. (Pp. 186, 187.)

**3. Writ of Error—Petitioner Complaining of Ruling Sought by Him on Appeal.**

Plaintiff in a suit upon a promissory note had judgment against an indorser but not against the makers. On appeal he assigned as error the rendering judgment against such indorser without holding the makers also liable. The indorser also appealed on the same ground and secured a reversal of the judgment as to him, that in favor of the makers being affirmed. Held, that having assigned as error on appeal the judgment against the indorser, plaintiff could not complain on writ of error of the reversal of that judgment. (Pp. 187, 188.)

ERROR to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

Hart brought the suit against Graham and West as makers and Breneman as indorser of a promissory note. He had judgment against the indorser only and appealed. Breneman also appealed, and the judgment against him was reversed. Hart then procured writ of error.

*James Raley*, for plaintiff in error.—The court erred in refusing to give special charge No. 1, as requested by plaintiff, because it embodies the law and is not included in any instruction given by the court. Rev. Stats., art. 272; Watson v. Flanagan, 14 Texas, 354; Tolbert v. McBride, 75 Texas, 97; Wright v. Hardie, 88 Texas, 653; Buchanan v. Wren, 10 Texas Civ. App., 571.

*C. K. Breneman*, in pro. per.

*Upson, Bergstrom & Newton, Barnard & McGowan* and *Proctor & Proctor*, for West and Graham.

GAINES, CHIEF JUSTICE.—this suit was brought by the plaintiff in error against defendants in error Graham and West, as makers, and against C. K. Breneman as endorser of a promissory note for $3500 dated December 30, 1895, and payable to Breneman ninety days after date.

The defendants Graham and West pleaded severally, that the former being desirous of raising a sum of money agreed with Breneman to execute to him a promissory note, with the latter as surety, which Breneman was to discount for the benefit of the principal in consideration of $100 to be paid from the proceeds; that in accordance with such agreement the note was executed by the makers and placed in the hands of Breneman to be discounted, but that the payee conspired with the plaintiff and H. A. Jackson to transfer the note without consideration, so as to enable the plaintiff to recover upon the same as a bona fide holder for value, and that it was transferred accordingly. They also averred that in substance neither of them ever received any consideration for the note, and that the plaintiff knew the fact when the same was transferred to him. They prayed that Jackson be made a party; and he appeared and answered disclaiming any interest in the note.

The undisputed evidence showed that the note was executed and delivered to Breneman for the purpose alleged in the answers of Graham and West; that Breneman failed to discount it; that Graham demanded its return; but that subsequently Breneman transferred it to the plaintiff. In this transaction Jackson acted as the purported agent of the plaintiff. Breneman testified that Jackson paid him $3400 for the note, and Jackson testified to the same fact and also that at the time he purchased the paper he had no knowledge of any defense against it. But the defendants, Graham and West, filed interrogatories under the statutes, both to the plaintiff and to Jackson, and took their respective depositions ex parte. The deposition of the plaintiff was subsequently taken

in his own behalf, and Jackson testified on the stand.   We need not re-
cite their testimony; it is sufficient for the purposes of this opinion to
say that the discrepancies between the statements of the plaintiff and
of Jackson, the circumstances developed by the testimony, and the re-
markable account given by Jackson of the manner in which he became
intrusted for the plaintiff's benefit with the money with which he
claimed to have paid for the note, were sufficient in our opinion to
warrant the jury in wholly discrediting them.   The jury were also the
judges of Breneman's credibility; and if they believed, as the evidence
warranted them in believing, that he transferred the note with the de-
liberate purpose of defrauding the makers, they were not bound to ac-
cept his testimony that he received value for the note.

Upon the case so made by the pleadings and evidence there was a
verdict and judgment for the makers of the note, but against Breneman
as endorser.   Both the plaintiff and Breneman appealed to the Court of
Civil Appeals, where the judgment was reversed as to Breneman but
was affirmed as to Graham and West.   Hart having testified that the
money which he paid for the note had belonged to his wife, but that
having been sick and apprehensive of death she had "willed" it, as the
witness expressed it, to the plaintiff, who was her brother, and had di-
rected him, the witness, to take charge of the money and to invest for
the benefit of Hart, and it appearing that Mrs. Jackson was still alive,
the Court of Civil Appeals held that the undisputed evidence showed
that the plaintiff was not the owner of the note, and that therefore the
judgment below in favor of the defendants Graham and West should
be affirmed.   In passing upon the application for the writ of error, we
were inclined to think that if value had been paid for the note without
notice of the breach of trust on part of Breneman, the plaintiff as the
legal holder was entitled to recover upon it, whether he was the bene-
ficial owner or not, and it was upon this ground that we granted the
writ.   But having reviewed the whole case, we do not find it necessary
to pass upon that question.   That issue was not submitted to the jury.
They were in effect pointedly instructed to find a verdict for the plain-
tiff, unless they believed that Graham had placed the note in the hands
of Breneman to be negotiated for his, Graham's benefit, and that before
the transfer he had revoked Breneman's authority, and either that the
plaintiff did not pay value for the note or that at the time of the trans-
fer he knew of Breneman's want of authority to assign it.

The only error distinctly assigned in this court to the rulings of the
trial court, is upon the refusal of the following instruction asked by the
plaintiff:   "You are instructed that the law presumes that the plaintiff
in this case, as the holder of the note sued upon, paid or caused to be
paid a valuable consideration therefor, and that the burden of proof is
upon the defendant herein to show that the plaintiff in this case did not pay
a valuable consideration for the assignment and transfer to him of the
note sued upon herein."   If this charge had been correct as a legal
proposition, it was not error to refuse it, for the reason that, as before

stated, the jury were already instructed by the general charge, in effect, to find for the plaintiff, unless they believed that Breneman had fraudulently transferred the note, and that the plaintiff either had not paid value or had notice of the fraud. The court also gave this instruction: "If you believe from the evidence that plaintiff did not pay a valuable consideration for said note then you will find for the defendants Graham and West." The jury were also told to find their verdict from a preponderance of the evidence. Therefore the effect of the charge given by the court was to direct the jury, that they should find a verdict for the plaintiff, although they should believe the note was fraudulently transferred, unless they believed from a preponderance of the evidence that the plaintiff did not pay value for the note or that he had notice of the fraud in the transfer.

The charge placed the burden of showing that the plaintiff did not pay value upon the defendants Graham and West and was an instruction more favorable to the plaintiff than he had a right to demand. The point was decided in Rische v. The Bank, 84 Texas, 413, in which Chief Justice Stayton says: "If the averments of the answer are true, there can be no doubt that the paper was put in circulation fraudulently; and when this is shown to be the case, the presumption that an indorsee is an innocent holder cannot be indulged, and the burden of proving that he had acquired the paper before maturity, in ordinary course of business, for valuable consideration, rests upon him." The same rule was announced by Chief Justice Moore in Blum v. Loggins, 53 Texas, 136. These are authoritative decisions and settle the rule in this State. In Herman v. Gunter, 83 Texas, 66, the defence was that there was a failure of consideration in the note sued upon and it was held that the burden was upon the defendants to show that the plaintiff had not paid value. But in that case the court say: "We do not determine where the burden of proof would be if the note originated in fraud perpetrated upon the maker."

Among plaintiff in error's numerous assignments in this court we find the following: "The court erred because the suit was brought against the defendants, West and Graham, as the makers of a negotiable promissory note, and Breneman as the endorser thereof, jointly; and Breneman as the endorser being only secondary liable, the judgment of the District Court against him under the pleadings and evidence, was clearly wrong; because no judgment could be rendered against him, unless at the same time judgment was rendered against West and Graham, who were the makers, the principal obligors, and primarily liable thereon, and this court from the evidence ought to have reversed and rendered judgment accordingly." The trial court instructed a verdict against Breneman and a verdict was found against him upon which judgment was rendered. The plaintiff in error complained of this instruction by an assignment in the Court of Civil Appeals, although he had sued Breneman and asked a judgment against him. It is unnecessary to comment upon this anomaly; for Breneman himself appealed

and the Court of Civil Appeals reversed the judgment against him and rendered judgment in his favor. So that, if we understand the assign-ment, the complaint is that the court did not give judgment in Brene-man's favor, when in fact judgment in the appellate court was so ren-dered. It would seem that this could hardly have been the purpose of the assignment. But if it should be construed as complaining of the reversal by the Court of Civil Appeals of the judgment against Brene-man, it must be held that the plaintiff in error cannot be permitted to allege in this court that the Court of Civil Appeals erred in sustaining his own contention in that court and in giving effect to their ruling by rendering judgment accordingly.

It is also here assigned that, "the court erred in holding that Major Hart was not an innocent purchaser of the note for value, when the uncon-troverted testimony is that he bought the note before maturity; paid thirty-four hundred dollars for it, and with no notice of any defense thereto." As already said, we are of opinion that the state of the evidence upon the issue was such as to make that issue a question of fact for the jury. The Court of Civil Appeals so held, and also held that the evi-dence in favor of the defendants in error upon the issue was sufficient to sustain the verdict.

The other fifteen assignments of error here presented complain in various terms of the ruling of the Court of Civil Appeals in holding that the evidence showed that plaintiff in error was not the owner of the note and that therefore he could not recover. As previously inti-mated, it is not necessary to determine that question in order to dispose of the case.

We find no error in the judgment, and it is affirmed.

*Affirmed.*