## NATIONAL STATE BANK OF MT. PLEASANT, IOWA, v. RICKETTS et al. (No. 713.)

(Court of Civil Appeals of Texas. Amarillo. May 1, 1915. On Motion for Rehearing, June 12, 1915.)

1. SALES ☞364 — BREACH OF WARRANTY — CONSTRUCTIONS — APPLICABILITY TO EVIDENCE.

In an action on notes given for the purchase price of a horse, where the defense was that he was not registered as represented, and there was evidence on behalf of plaintiff that the former owner had applied for and received a certificate of registration for the horse sold, but that by mistake the certificate described him as having a star, it was error to refuse a requested charge that, although the certificate described a horse with a star, still if it was issued for the horse sold the jury should find he was a registered horse.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1065–1076; Dec. Dig. ☞364.]

2. TRIAL ☞260—REQUESTED CHARGES—REPETITION—GENERAL CHARGE.

A charge by the court, that if the jury should find that the horse was registered plaintiff could recover, does not justify the refusal of such requested charge, since a charge generally stating the principle of law does not justify the refusal of a requested instruction specifically applying the law to the facts stated.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. ☞260.]

3. EXCEPTIONS, BILL OF ☞8 — PRESENTING EXCEPTION — REFUSAL OF REQUESTED CHARGE.

A bill of exceptions, which recites that plaintiff's counsel, before the judge's charge was read to the jury, but after it had been submitted to counsel, submitted to the court and with the opposing counsel, eight special charges, and that the court refused to submit the same, and plaintiff then and there excepted to the action and ruling of the court, sufficiently shows an exception to the refusal of a certain charge, to comply with the requirements of the act of the Thirty-Third Legislature.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. § 10; Dec. Dig. ☞8.]

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

4. BILLS AND NOTES ☞537—SUFFICIENCY OF EVIDENCE.

In an action by the indorsee of two of a series of notes, evidence *held* sufficient to take to the jury the question whether the notes were indorsed after the first of the series became overdue.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1862–1893; Dec. Dig. ☞ 537.]

5. BILLS AND NOTES ☞344 — BONA FIDE PURCHASER—INDORSEE OF A PART OF A SERIES OF NOTES.

Where notes upon their face are parts of the same transaction, and the first was overdue when transferred, the transferee is charged with notice of defenses as to all the notes.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 866–868; Dec. Dig. ☞ 344.]

6. BILLS AND NOTES ☞497 — BONA FIDE PURCHASER—FRAUDULENT NOTES.

Where it is shown that notes were put in circulation fraudulently, there is no presumption that the indorsee is an innocent holder.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1448, 1675–1681, 1683–1687; Dec. Dig. ☞497.]

On Motion for Rehearing.

7. SALES ☞355—ACTION FOR PRICE—PLEADING—MISTAKE.

In an action on notes given for the purchase price of a horse, where the defense was that he was not registered as represented, plaintiff can show that the horse was registered, but that the certificate of registration had a mistake in the description without pleading such mistake.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1025–1043; Dec. Dig. ☞355.]

Appeal from District Court, Deaf Smith County; D. B. Hill, Judge.

Action by the National State Bank of Mt. Pleasant, Iowa, against L. A. Ricketts and others. Judgment for the defendants, and plaintiff appeals. Reversed and remanded, and motion for rehearing overruled.

See, also, 152 S. W. 646.

Knight & Slaton and C. D. Wright, all of Hereford, for appellant. Carl Gilliland, of Hereford, for appellees.

HENDRICKS, J. The appellant bank instituted this suit on two promissory notes, each for the sum of $700, dated March 25, 1909, and maturing respectively one and two years after date, executed by the several defendants, and payable to L. M. Hartley, or his order. Defendants admitted the plaintiff's cause of action, except in so far as it may be defeated in whole or in part by the facts set up in their answer, and were thereby granted the privilege of opening and concluding the cause as to the evidence and argument. The defendants, appellees herein, alleged a partial failure of consideration; and that said notes were given as the purchase price of a certain stallion, which was represented to be a registered animal, relied upon by them as an inducement in executing the notes; and further charged that the particular horse was neither registered, nor entitled to registration. Defendants also alleged that the two notes were acquired by the plaintiff after the first note of the series had matured, and contend that the plaintiff could not be protected as a purchaser for value without notice, for that the notes, by reference to each other, exhibited that they were companion notes produced by the same transaction.

The trial court submitted two special issues to the jury, as follows:

First. "Was the horse in controversy registered at the time defendants purchased him and delivered their notes in payment for him?"

Second. "Were the two notes in controversy purchased by the plaintiff bank prior to the 26th day of March, 1910"—which was the recited due date of the first note?

This is the second appeal by the plaintiff, as the losing litigant, to this court; the opinion on the first appeal being reported in 152 S. W. page 646.

[1] The horse was sold by Maxey, an agent and salesman of one Hartley of Salem, Iowa, the latter a heavy dealer in blooded horses; and the certificate of registration, in the National French Draft Horse Association, delivered by Hartley's salesman, Maxey, to the defendant Bowe (who was acting for himself and the other defendants in the purchase of the horse), gave the register number as 14973 of a stallion "Wiertz" with the color and description in the certificate as "black, star"; also, as having been foaled June 19, 1905, bred by L. M. Hartley, Salem, Iowa, the certificate reciting the name of the sire and dam, with the lineage of each, signed by C. C. Stubbs, secretary of said association. The horse sold to the defendants by Hartley, the previous owner, is one entirely black in color, without any white upon him.

The testimony suggests that a horse of the description, as indicated in the certificate of registration as to color, would mean a black horse with a white star in his forehead. The bill of sale delivered with this horse describes him as "Wiertz, No. 14973, Vol. 10." Hartley, the breeder of the horse, claimed to have identified the same as the horse "Wiertz" at Witherspoon's farm, near Hereford, in May, 1913, as one formerly owned by him. He also testified that he bred and raised the horse, and that the sire and dam were both registered, and that he made application for the registration of this horse in the particular association, under the name of "Wiertz"; that it was the only horse that he had ever applied for registration in the association under that name. He also testified that misdescriptions often occur in certificates of registration, giving as an example that a horse will sometimes be described as having the left hind foot white, when it should have been described as the right hind foot; that "horsemen go by pedigree as applied to registration of horses, and, as used in certificates of registry, it would not necessarily mean that a horse had

a star, for the reason that errors often creep into the description of horses in the certificate of registry. * * * In the registered horse business, horsemen look at the breeding of the horse, rather than the description."

One O. D. Stubbs, the present assistant secretary of this association, testified, by deposition, that:

"The record book shows the stallion Wiertz, 14973, to be a black, with star, foaled June 19, 1905; while the application shows that he is just plain black"—also attaching to said deposition what he claims to be an examined copy of Hartley's application for the registration of the horse.

The copy of the application purports to give the name of the animal, when he was foaled (June 19, 1905), the name and address of the breeder, and the sire and dam of said horse, with their respective numbers.

Bowe, the defendant who conducted the purchase of the horse, testified that, at the time he was negotiating for this horse, Maxey, the salesman, gave him the names of the sire and the dam for several preceding generations, and that the breeding, as represented, was the same as it appears in the certificate; and that the certificate described the horse accurately as to breeding, age, and color, as represented by Maxey, except as to the star. Bowe said that he was familiar with the breeding of the particular horse represented when it was shown to him. He also said:

"It is a fact that, if the breeding of this horse was as the certificate represented him to be, he would be eligible to registration with the French Draft Association."

We are reproducing a part of the testimony as above, as exhibiting the pertinency of the following special charge requested by the plaintiffs, and refused by the trial court:

"Although you may believe that the certificate of registration, read in evidence, described the horse as a black star horse, when the horse sold to the defendants has no star in its forehead, yet if you believe that such certificate was issued for, and intended to be, the certificate evidencing the registration of the horse sold to the defendants, and that he was described as a black star horse by a mistake of the association issuing the certificate, you should find that he was a registered animal."

This court, on the former appeal of this case, in speaking of a special charge requested by plaintiff at the former trial, not as full and as accurate as the present charge, suggesting, however, the same question, said:

"The evidence of Hartley raises the question of mistake in describing the horse, which should have been submitted to the jury for their consideration."

The charge quoted should also have been given, as the testimony in accordance with appellant's theory clearly raised the issue of mistake as to the "star" in the registration certificate. Upon this theory the jury could have found that the horse sold to the defendants may have been a registered animal, though a partial mistake in his description had been made by the association in registering him, with a sufficient description left,

however, as to name, owner, breeding, and birth, to identify the particular horse.

[2] It is true that the trial court charged the jury that, if they found that the horse in controversy was registered at the time defendants purchased said horse and gave their notes in payment for same, to find in favor of the plaintiffs; and further charged, if they found that he was not registered, to find in favor of the defendants. Of course, this particular question, as a last analysis, is registration, or nonregistration, under the pleadings; however, the particular phase, presenting the question, was not in reality submitted; and the Supreme Court of this state holds that a requested instruction applying the law to the specific facts on an issue raised is improperly refused, though the principle of law, generally stated, had been embraced in the charge given. Yellow Pine Oil Co. v. Noble, 101 Tex. page 125, 105 S. W. 318; also, see Ft. Worth & Denver City Railway Co. v. Taylor, 153 S. W. page 355; s. c., 162 S. W. pages 971, 972, where a considerable number of authorities, as to special charges, when the refusal constitutes error, are collated.

[3] Appellee claims that the assignment based upon a refusal of the particular instruction, as well as other assignments upon other refused instructions in this record, should not be considered, for the reason that an exception at the proper time is not shown to have been made by the appellant, in accordance with the acts of the Thirty-Third Legislature.

In the transcript there appears a bill of exceptions referred to by the appellant in its brief, stating, in substance, that before the court read his charge to the jury, but after the same had been submitted to counsel on both sides, and within a reasonable time thereafter, the plaintiff's counsel presented to the court eight special charges, numbered from 1 to 8, inclusive, which were also submitted to opposing counsel, and that the court refused to submit any of the same, and that plaintiff then and there excepted to the action and ruling of the court. The approval of this bill is as follows: "Allowed, and ordered filed. D. B. Hill." This is an approval by the trial judge of the fact of the presentation of the charges, before he read his charge to the jury, and a refusal of the same with appellant's exceptions thereto. We find eight special charges in the transcript, and we think that the law, with reference to exceptions to special charges, and when the same are to be made, with the action of the court thereupon, as evidenced by the bill, is sufficiently complied with.

This is a different question than the one presented in Insurance Co. v. Rhoderick, 164 S. W. page 1067, the nearest case to the question presented we have found, but also substantially different.

. We have attempted to carefully analyze this record upon the question raised by appel-

lant as to the insufficiency of the same to prove the nonregistration of the particular horse, and viewing the record from appellees' standpoint, as it should be viewed— especially considering the testimony as to Maxey's conduct, in regard to the certificate at the time the horse was sold—the failure by Hartley to answer some letters claimed to have been written him by Bowe, in regard to the particular horse (though just what was written is not stated), and the direct conflict between Bartley, formerly of the Hereford bank, and Whiting and Hartley, as to the indorsement of the latter's name upon the first note, "without recourse," at a time when the plaintiff claims to have become the sole owner of the same (without desiring to discuss the inferences in connection with the whole case, we are of opinion that the trial court should let the cause go to the jury), whatever action thereafter should be proper by the court, we are not deciding.

We think the trial court correctly rejected the purported corrected certificate of registry received by the district clerk of Deaf Smith county from O. D. Stubbs, by registered mail.

[4, 5] The jury's finding against the bank's ownership before the maturity of the notes can be sustained from the testimony. Whiting and Hartley are emphatic and positive that the indorsement "without recourse," as an evidence of transfer of ownership, occurred at the time the notes were claimed to have been purchased; Bartley is equally positive that there was no indorsement at the time the notes were sent to the bank for collection. It is affirmed and denied that the notes were purchased and indorsed at the same time. The Supreme Court holds that where notes upon their face are given as parts of the same transaction and are installments of one common consideration, the first being overdue when transferred, the assignee is charged with notice of the defense as to all the notes. Harrington v. Claflin & Co., 91 Tex. 295, 42 S. W. 1055. These notes upon their face bring them within the principle of the case cited. All assignments upon this question are overruled.

[6] The effect of special charge No. 5, requested by appellant and refused by the trial court, is to give the possession of the notes, under the facts of this case, prima facie ownership of the notes before maturity. In an ordinary case of this character, appellant's rule does not apply:

"If the averments of the answer are true, there can be no doubt that the paper was put in circulation fraudulently; and, when this is shown to be the case, the presumption that an indorsee is an innocent holder cannot be indulged, and the burden of proving that he had acquired the paper in ordinary course of business, for valuable consideration, rests upon him." Rische & Sons v. Bank, 84 Tex. p. 420, 19 S. W. 610.

Neither do we think, as applied to the record, notwithstanding appellees' admissions, possession should be given the effect to the jury, evidenced by the charge.

It is not necessary to discuss the alleged error of the court, in permitting a part of a letter written by Stubbs, the old secretary of the association—in regard to what Hartley's application showed—to go to the jury, and then the withdrawal of the same, by the court, of his own motion. In a case of this character, of course, the practice is dangerous, as the ex parte letter was in direct conflict with his brother's testimony.

The case is reversed and remanded.

### On Motion for Rehearing.

The appellee wholly misconceives the application of the case of Hovey v. Sanders, 174 S. W. page 1026, to the bill of exceptions discussed by us as presenting the error of the court in failing to give special charge No. 8, mentioned in the main opinion. In that case the special issues requested were presented as a whole, and the action of the court in refusing all, not any particular one, was excepted to as an entirety. Here the record shows the special charges were presented and refused singly as shown by the indorsement of the trial judge upon the charges, and the bill states in effect that, when he refused to "give any of such special charges," the plaintiff excepted to the action of the court. It would be arbitrarily technical to condemn such a bill—a procedure to be commended instead of reprehended.

[7] The objection now urged for the first time that there was no pleading to support the issue embodied in special charge No. 8, discussed in the main opinion, which has halted our ruling upon this motion, we think is equally untenable. We think it would be better to plead it, but conclude that it is not the character of mistake vel non required to be pleaded. The issue was registration or nonregistration. The appellees present the issue of nonregistration on account of the descriptive "star" in the certificate. The appellees say that the horse was registered on a proper description in the application for registration, and the remaining description in the certificate, which can be regarded as a showing that the certificate did not prove what the defendant claimed it proved.

Motion overruled.