GILLEAN v. FIRST STATE BANK OF BARRY et al. (No. 1047.)

(Court of Civil Appeals of Texas. El Paso. March 4, 1920.)

1. BILLS AND NOTES ⊜97(3)—OWNER'S NOTE TO BROKER WITHOUT CONSIDERATION UPON CANCELLATION OF SALE BY MUTUAL AGREEMENT.

Where owner's agreement with broker provided that owner's note to broker should be canceled upon purchaser's failure to pay purchase price of notes, and by mutual understanding between owner, broker, and purchaser land trade was canceled and the land reconveyed to the owner, there was no consideration for owner's note to broker; the consideration therefor having failed.

2. BROKERS ⊜35—LIABLE FOR FRAUDULENTLY TRANSFERRING SELLER'S NOTE FOR COMMISSIONS CONDITIONED ON PAYMENTS BY BUYER.

Where owner of land, upon selling it, gave to broker, who had assisted in procuring the purchaser, the owner's note, which was to be surrendered by the broker to the owner if notes representing the first three installments of the purchase price of the land were not paid, and later the land sale was canceled and the land reconveyed to the owner, but the owner's note to the broker was transferred by the latter to an innocent purchaser before maturity, which recovered thereon, the owner was entitled to recover over against the broker.

Appeal from Navarro County Court; H. E. Traylor, Judge.

Action by the First State Bank of Barry against H. C. Gillean, wherein defendant by cross-bill made Joe Nagy a party defendant. Judgment for plaintiff, and defendant Gillean appeals. Reversed and remanded.

Callicutt & Johnson, of Corsicana, for appellant.

Dexter Hamilton, of Corsicana, and Adair Dyer, of Ennis, for appellee.

HARPER, C. J. "This suit upon a promissory note was brought by the appellee First State Bank of Barry in the county court of Navarro county, Tex., on the 5th day of February, 1917, against H. C. Gillean, the appellant. Plaintiff alleged, in substance, that the note sued upon was executed on or about January 7, 1914, by Gillean and delivered to Joe Nagy, the appellee herein; said note being dated the 7th day of January, 1914, and due the 7th day of January, 1917, in the sum of $200, and said note providing for interest at the rate· of 10 per cent. per annum from date, and also providing for attorney's fees."

Gillean appealed from judgment in favor of the bank for the entire amount sued for. The trial court sustained a demurrer to the defendant's answer, and this is assigned as error.

The answer was general denial, and specially substantially the following:

"That prior to the execution of this note he was the owner of 100 acres of land which he conveyed to one Levay; that appellee Joe Nagy was an agent and assisted in procuring the purchaser; that the land was to be paid for in annual payments; that it was agreed between appellant and said Nagy that the note should not be paid if the purchaser failed to pay the first, second, and third notes, but should be surrendered to appellant; that by a mutual understanding between said Levay and said Nagy and appellant the land trade was canceled and the land reconveyed to appellant; that there was no other consideration for the note; therefore the consideration has failed; and that the plaintiff bank had knowledge of the want and failure of consideration."

By cross-bill he made appellee Nagy a party defendant, and prayed that if the bank recovered judgment he have his judgment over against said Nagy.

[1] The answer set up a good defense to the cause of action, for, if the averments are found by the court or jury to be true, the note was without consideration and was fraudulently transferred to the bank, and if the bank had notice thereof it cannot recover. Rische & Sons v. Planters' National Bank, 84 Tex. 413, 19 S. W. 610; Daniel v. Spaeth, 168 S. W. 509.

[2] But if the bank was an innocent purchaser before maturity, that is, without notice of the failure of consideration, then appellant would be entitled to recover over against Nagy.

Reversed and remanded.

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes