WORD v. BANK OF MENARD.   (No. 5325.)

(Court of Civil Appeals of Texas.   San Antonio.   Oct. 14, 1914.   On Motion for Rehearing, Nov. 18, 1914.)

1. PLEADING (§ 283*)—SUPPLEMENTAL PETITION—DENIAL—REPETITION.

An allegation in plaintiff's petition being denied by the answer, a mere enlarged repetition of it in the supplemental petition need not be denied to prevent it being taken as confessed.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 848, 849; Dec. Dig. § 283.*]

2. BILLS AND NOTES (§ 497*)—BONA FIDE PURCHASER—BURDEN OF PROOF—FRAUD OF PAYEE.

The maker of a note sued thereon by its indorsee, denying plaintiff bought it before maturity for value, and alleging and giving evidence that the payee fraudulently put it in circulation, plaintiff has the burden of proving that it bought for value before maturity, in the ordinary course of business; the note and its indorsement not being enough.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1448, 1675–1681, 1683–1687; Dec. Dig. § 497.*]

On Motion for Rehearing.

3. BILLS AND NOTES (§ 525*)—BONA FIDE HOLDER—FRAUD OF PAYEE—EVIDENCE.

Not only defendant, sued on a note by its indorsee, but his son, who was not interested, having testified to its having been fraudulently put in circulation by the payee, as alleged by the answer, the court may not disregard this, and give judgment for plaintiff, when it has not met the burden, shifted to it by such proof, of showing it was a bona fide purchaser, put in issue by the answer.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1832–1839; Dec. Dig. § 525.*]

4. BILLS AND NOTES (§ 497*)—BONA FIDE PURCHASER—BURDEN OF PROOF—FRAUD OF PAYEE.

That the payee of a note put it in circulation, contrary to agreement with the maker, without a certain event having occurred, is such fraud, as, being proved by the maker sued by an indorsee, shifts to plaintiff the burden of proof as to his being a bona fide purchaser.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1448, 1675–1681, 1683–1687; Dec. Dig. § 497.*]

Appeal from District Court, Sutton County; J. W. Timmins, Judge.

Action by the Bank of Menard against T. D. Word. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Dubois & Loveland, of San Angelo, and Chas. E. Davidson, of Ozona, for appellant.

CARL, J. Appellee, the Bank of Menard, a copartnership composed of Wm. Bevans, R. R. Russell, and W. P. Bevans, sued appellant, T. D. Word, for $500 principal, interest, and attorneys' fees due on a certain note given by appellant to one A. S. Smith on May 11, 1912, and payable to his order December 31, 1912. The note bears the indorsement: "Pay to the order of Bank of Menard. A. S. Smith";—but the transfer is not dated. Plaintiff alleges that it acquired the note before maturity for value.

The answer of Word denies that the bank acquired the note for a valuable consideration, that the note was due and unpaid, and denies that he owes the bank anything on said note. Appellant further sets out in his answer that the note was procured by Smith, who was organizing the Ranchmen's & Bankers' Life Insurance Company of San Angelo, Tex. It is alleged that he represented that the insurance company would be organized by December 31, 1912; that he told Word that, if he would give his note for $500, it would not be transferred, and if the company should not be so organized by said date, he would not have to pay the note; but if it was, then Word was to make payment of the balance of his $2,000 subscription $500 each six months after the date of organization of the insurance company. The company was not organized; and it is alleged that Smith knew at the time he took the note that he intended to transfer same, and fraudulently put it in circulation, and that the con-

sideration for which the note was given has wholly failed. In a supplemental petition the allegation is made that the bank obtained the note in due course of trade for value, before its maturity, without notice of any infirmity in the note, and was an innocent holder for value.

Upon the trial before the court, the appellee bank introduced the note with the indorsements thereon and rested. Appellant himself, together with his son, testified in support of his allegations about the signing and delivery of the note, and that it was for stock in the insurance company. The court gave the bank judgment for $618.75, and Word has appealed, and has assigned as the sole ground of error in his motion for a new trial that the court erred in giving judgment for the plaintiff, because the uncontradicted evidence shows that the note was without consideration, and that same destroys the prima facie case made by the introduction of the note, and made it incumbent on the bank to show that it was an innocent holder for value before maturity of the note.

[1] Paragraph 4 of the petition reads:

"That prior to December 31, 1912 (the due date), plaintiff bank for a valuable consideration purchased said note from the said Smith."

This allegation is specifically denied under oath by the defendant below in his answer. In the supplemental petition, an enlargement is made, and it is there alleged that the plaintiff bought the note before maturity for value without notice of any defects, etc., and no denial of this is made in the pleadings of appellant. But we held in the case of G., H. & S. A. Ry. Co. v. Pennington, 166 S. W. 464, that it was unnecessary to deny under oath an allegation which was a mere converse of that which had already been alleged, and issue joined by such denial. So in this case the plaintiff alleged that it bought the note before maturity for value, which was denied under oath. And the fact that the bank in its supplement realleged that fact would not require a sworn denial to prevent the things so alleged again being taken as confessed, as provided in article 1829 of the Revised Civil Statutes of 1911.

[2] The appellant's sworn answer directly put in issue whether appellee bought the note before maturity and paid value therefor, and specifically set forth that there was fraud practiced upon him in obtaining the note. He followed this up by evidence which would justify the conclusion that the note was fraudulently put in circulation, and no evidence was introduced by the bank except the note and indorsement thereon. Chief Justice Stayton gives the rule which would govern this case when he says:

"If the averments of the answer are true, there can be no doubt that the paper was put in circulation fraudulently; and when this is shown to be the case, the presumption that an indorsee is an innocent holder cannot be indulged, and the burden of proving that he acquired the paper before maturity, in ordinary course of business, for valuable consideration, rests upon him." Rische et al. v. Bank, 84 Tex. 413, and cases cited.

See, also, Hart v. West, 91 Tex. 184, 42 S. W. 546; Bank v. Chapman, 164 S. W. 900; Cowboy Bank v. Guinn, 160 S. W. 1103. The burden was on the bank to show that it bought the note for value before maturity, in the ordinary course of business, and this burden was not discharged.

The judgment does not contain the names of the parties except in the caption. Even there the individual names of the plaintiffs are not shown. This matter will be corrected on another trial, but if that were the only trouble, this court would correct the judgment.

On account of the failure of the bank to make the proof above indicated, the judgment is reversed, and the cause remanded.

### On Motion for Rehearing.

In the original opinion we stated that appellant assigned as the sole ground of error the fact that the court gave judgment for the plaintiff "because the uncontradicted evidence shows that the note was without consideration," etc. We may say that statement should be amplified to include the further proposition that the note sued upon was fraudulently placed in circulation.

[3] We are well aware of the line of cases which hold that a jury is left to weigh the testimony of an interested witness such as appellant is, and may wholly disregard the same. A court sitting in the trial of a case without a jury may do the same. But the son, D. W. Word, also testified to the same facts that appellant did, and he was not interested, except for the fact that he happened to be his father's son. This fact does not discredit him, and while it might go to the weight of the testimony, the court, sitting as a jury, would not be authorized wholly to disregard his statements. Both his testimony and appellant's tend strongly to show that the note was fraudulently placed in circulation, and there is absolutely no showing made by appellee that the note was obtained before maturity for value and without notice of its infirmity. When the burden of showing these facts shifted to appellee by reason of said proof having been made that the note was fraudulently placed in circulation, and appellee failed to meet said proof, the court was not justified in rendering judgment on the note.

[4] "It is a general rule, upheld by the great majority of the reported cases, that evidence of fraud in the origin or transfer of commercial paper throws on the holder the burden of proving his good faith; and the question presented in the foregoing case is whether proof that the paper was negotiated, contrary to an agreement, before the happening of a certain future contingency, is such a fraud as will shift the burden of proof. The

cases upon this point are very harmonious in holding that such a negotiation is a fraud upon the right of the maker or other person to be charged, and shifts the burden of proof onto the holder." McNight v. Parsons, 136 Iowa, 390, 113 N. W. 858, 22 L. R. A. (N. S.) 718, 125 Am. St. Rep. 265, 15 Ann. Cas. 665, and cases in note, among which is Rische v. Bank, cited in our original opinion.

The motion for rehearing is overruled.