ST. LOUIS, B. & M. RY. CO. et al. v. EVANS et al. (No. 5407.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 27, 1915. Rehearing Denied Feb. 17, 1915.)

PLEADING ⊕⟹166—REPLY—NEW ISSUES.

Where the petition, in an action against a carrier for damages to corn during transit, alleged that the corn was good, dry, and merchantable when shipped, and was damaged by rain which the carrier negligently permitted to come in contact therewith. an answer alleging that the corn was shelled while too green, and that the same was shipped in a green, damp, and unripe condition, was only a denial that the corn was damaged by rain and was ripe and merchantable corn when loaded, and raised no new issue.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 321½–328; Dec. Dig. ⊕⟹166.]

Appeal from Hidalgo County Court; James H. Edwards, Judge.

Action by Marvin Evans and another against Frank Andrews, receiver of the St. Louis, Brownsville & Mexico Railway Company, and another. From a judgment for plaintiffs, defendant named appeals. Affirmed.

Graham, Jones, West & Dancy, of Brownsville, for appellant. Kibbe & Polk, of Brownsville, for appellees.

FLY, C. J. This is a suit for damages to corn shipped from Pharr to McKinney, Tex., instituted by Marvin Evans, A. J. McCall, and S. R. Gawthrop, appellees, against Frank Andrews, receiver of the St. Louis, Brownsville & Mexico Railway Company, and the Houston & Texas Central Railroad Company. It was alleged that a part of the corn was lost or stolen, and the balance was damaged by rain which entered the cars through doors that were left partly open and through apertures in the roof. The cause was submitted on special issues, and the jury answered that 9,620 pounds of corn were lost or stolen, and that the other corn was damaged by rain. On the answers judgment was rendered in favor of appellees for $154.55, the value of

the lost or stolen corn, and in their favor for $456.25, the amount of damages to the remaining corn. This appeal is prosecuted by the St. Louis, Brownsville & Mexico Railway Company.

No complaint is made as to that part of the judgment for the missing corn, but it is urged that appellees could not recover for the damages to the corn by rain, because they had not traversed the answer of appellants. It was fully alleged in the petition that the corn was dry when shipped and was damaged by rain, which the railway companies negligently permitted to fall on the corn. That was denied by appellants, and in addition it was pleaded:

"That if plaintiffs' corn was in fact damaged en route from Pharr, Tex., to McKinney, Tex., as set forth in plaintiffs' first amended original petition filed herein, then these defendants say that, if any damage was proximately caused by the inherent vice and condition of said corn at the time of shipment in that same was shelled while too green, and that the the same was shipped in a green, damp, and unripe condition, and which said condition was the proximate cause of plaintiffs' damage, if any, and that these defendants are not liable for the damages, if any, the plaintiffs have sustained."

The affirmative plea raised no new issue. Under the denial that the damage was caused by rain, appellants would have been permitted to prove that the damage to the corn was not caused by rain but by some other cause. The law requiring denials of allegations in pleadings was adopted in order to have the issues formulated and presented in a concrete form, and not as a trap or pitfall to catch unwary parties on naked technicalities, and was never intended to have denial after denial and traverse after traverse of every new matter pleaded by a party. The desire was to simplify matters, not to complicate them, and no denial is required, unless a new issue is injected into the case by the pleading. Issue was joined in this case as to whether rain or some other cause produced the damage, and appellees were not required to answer the plea of appellants that the damage was caused by something else other than rain. This matter has been clearly stated by this court, through Associate Justice Moursund, and that opinion has not been questioned. Railway v. Pennington, 166 S. W. 464. It has been followed by the Court of Civil Appeals at Amarillo. Memphis Cotton Oil Co. v. Tolbert, 171 S. W. 309.

It was alleged in the petition that the corn was good, dry, and merchantable, and that appellants were negligent in "allowing or permitting contents, or part of contents, of said cars to be rained upon or otherwise dampened in transit." An answer that the corn "was shelled while too green, and that same was shipped in a green, damp, and unripe condition," was nothing more than a denial that the corn was rained upon and was ripe, merchantable grain.

The judgment is affirmed.