ILLINOIS CENT. R. CO. v. FREEMAN et al.*
(No. 5557.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 15, 1915. On Motion for Rehearing, Jan. 19, 1916. Rehearing Denied Feb. 16, 1916.)

1. CARRIERS ⊙—131 — CARRIAGE OF GOODS—ACTION FOR DAMAGE — PETITION—DESCRIPTION OF PROPERTY.

In an action for damage to a shipment of bananas, where the petition described the property only as "four cars of bananas loaded in cars M. K. & T.," giving their numbers, such allegation was too indefinite as to the number of bunches or the value, and open to special exception.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 569–577, 593; Dec. Dig. ⊙—131.]

2. EVIDENCE ⊙—543—VALUE.

In an action for damage to a shipment of bananas, one saying that he was a practicing physician was improperly allowed, over defendant's objection, to testify as to the market value of bananas by the hundred pounds at the point of shipment, where he had previously stated he could not say he had ever seen the bananas in controversy, did not know how many bunches were in a car, and did not know their grade.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2356½–2358; Dec. Dig. ⊙—543.]

3. CARRIERS ⊙—133 — CARRIAGE OF GOODS—ACTION FOR INJURY—EVIDENCE.

In an action for damage to a shipment of bananas with which a messenger traveled to watch the weather and request that they be housed when it was cold, testimony as to the condition of the bananas before they were delivered was admissible against the carrier, as the messenger had no control over the cars.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 583–587, 606; Dec. Dig. ⊙—133.]

4. CARRIERS ⊙—133 — CARRIAGE OF GOODS—ACTION FOR INJURY—EVIDENCE.

In an action for damage to a shipment of bananas which a carrier had agreed to place in its roundhouse on request of the messenger who traveled with them, testimony as to roundhouses on other roads than those of the contracting carriers was inadmissible.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 583–587, 606; Dec. Dig. ⊙—133.]

On Motion for Rehearing.

5. APPEAL AND ERROR ⊙—1040 — HARMLESS ERROR—PETITION—RULING ON EXCEPTION.

In an action for damage to a shipment of bananas, error in overruling a special exception to the petition, which insufficiently described the property as "four cars of bananas loaded in cars M. K. & T.," numbering them, was harmless, where defendant railroad admitted receiving four carloads and in a cross-action sought to recover freight charges for which the jury allowed an amount at a fixed rate per hundred, thus rendering certain the quantity of the bananas.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4089–4105; Dec. Dig. ⊙—1040.]

6. APPEAL AND ERROR ⊙—1052 — HARMLESS ERROR—ADMISSION OF EVIDENCE.

In an action for damage to a shipment of bananas from Galveston to Chicago, the improper admission of testimony as to the value of bananas in Galveston was harmless, where it was fully shown what their market value would have been in Chicago in good condition, and that they were valueless when delivered, and

under proper instructions the jury based the verdict on value at Chicago.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4171–4177; Dec. Dig. ⊙—1052.]

7. CARRIERS ⊙—121—CARRIAGE OF GOODS—LIABILITY.

A carrier of bananas under contract whereby a messenger traveled with the shipment to advise regarding its protection against cold, which carrier twice disregarded the messenger's request en route to house the bananas, could not escape liability on the ground that the messenger did not ask that the fruit be protected at destination after they had been exposed to low temperatures and were frozen.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 531–536; Dec. Dig. ⊙—121.]

8. CARRIERS ⊙—114 — CARRIAGE OF GOODS—DUTY TO PROTECT.

A carrier of bananas, independent of the contract of shipment, owed the owner the duty to preserve the property after it reached destination until it was delivered.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 608–620; Dec. Dig. ⊙—114.]

9. APPEAL AND ERROR ⊙—1053 — HARMLESS ERROR—ADMISSION OF EVIDENCE.

In an action for damage to a shipment of bananas which the carrier contracted to protect against cold by housing, where the charge rendered the fact that defendant's roundhouse could not accommodate the cars of fruit not a valid defense, the erroneous admission of testimony as to another roundhouse was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4178–4184; Dec. Dig. ⊙—1053.]

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Action by the Southern Banana Company against T. J. Freeman, receiver of the International & Great Northern Railroad Company, and others. Judgment for plaintiff against defendants Illinois Central Railroad Company and Freeman, and against the plaintiff as to the remaining defendants. Defendant Illinois Central Railroad Company appeals. Affirmed.

Hicks, Hicks, Teagarden & Dickson, of San Antonio, for appellant. Frank H. Booth and H. M. Aubrey, both of San Antonio, for appellees.

FLY, C. J. The Southern Banana Company, one of the appellees herein, sued T. J. Freeman, receiver of the International & Great Northern Railroad Company, that company, the St. Louis, Iron Mountain & Southern Railway Company, and appellant to recover damages in the sum of $1,800, alleged to have accrued by reason of improper handling of four cars of bananas, by reason of which negligence they were chilled and frozen while being transported from Galveston, Tex., to Chicago, Ill. It was alleged that the receiver's railroad company was the initial carrier, and that said receiver gave the banana company a receipt or bill of lading in which it was provided, "If temperature drops low enough, in messenger's opinion, cars must be stopped and roundhoused if at station where one located," and that, although requested by

⊙—For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

182 S.W.—24    *Application for writ of error pending in Supreme Court.

the messenger to comply with that stipulation, the defendants refused to do so, and the bananas were frozen and rendered worthless. The cause was tried by jury, and a verdict was rendered in favor of the banana company as against appellant and the receiver for $1,039.20 and against the banana company as to the other two railroad companies, and judgment was accordingly so rendered. No one is complaining of the judgment except appellant.

The bananas were delivered in good order to the receiver at Galveston as alleged and were frozen at some place, either at St. Louis, or some point between that city and Chicago while in the care of appellant. It is admitted that the clause hereinbefore copied was in the bill of lading or receipt given by the receiver to the Southern Banana Company. It was in proof that the messenger accompanying the bananas requested appellant, at East St. Louis, Ill., to put the cars of bananas in the roundhouse, as stated in the contract, and told appellant that the bananas would be lost if they were not protected. Appellant failed to place the fruit in the roundhouse, but started to Chicago with them, and they were frozen and their value destroyed.

[1] The first assignment of error assails the action of the court in overruling a special exception to the petition on the ground that the description of the property was insufficient. The only description given of the property is, "four cars of bananas loaded in cars M. K. & T. 3375, 3395 and 3077 and A. T. 10785." The pleading was attacked because there was no allegation of the number of bunches or the price thereof. The allegation was too indefinite, and the special exception should have been sustained. There is no allegation of the value even of each car; the only allegation as to value being that, if they had arrived in Chicago in good order, "they would have been worth on the market and would have had a market value of $1,800." There is nothing alleged upon which a contest as to the quality, quantity, or value of the bananas could be predicated. The bananas may have been in good order, but of such a quality and variety that a carload of them would not have been half as valuable as a carload of another quality. What constitutes a carload of bananas? Neither the pleadings nor the evidence gives an answer to the question. The allegations as to quantity, quality, and value were too vague and indefinite. Pierce v. Waller (Tex. Civ. App.) 102 S. W. 1173; Houston Packing Co. v. Dunn (Tex. Civ. App.) 176 S. W. 634.

[2] After overruling the exception to the description given of the property, a man who says he is a "practicing physician" was allowed over the protests of appellant to testify as to the market value of bananas in Galveston by the hundred pounds, although he had previously stated that he could not say that he had ever seen the bananas in controversy, did not know how many bunches were in a car, and did not know their grades. His testimony showed plainly that he knew nothing about the four carloads of bananas and was not qualified to testify. His testimony should have been excluded. The second and third assignments of error are sustained.

[3] The fourth, fifth, and sixth assignments of error are overruled. The testimony as to the condition of the bananas before they were delivered was admissible. The messenger had no control over the cars and they were not delivered to him in Chicago. All the authority he had in connection with the cars was to watch the state of the weather and request that they be housed. He did that several times, but no attention was paid to his request.

[4] The seventh and eighth assignments of error complain of certain testimony as to roundhouses on other lines of railway than those of the contracting carriers. Testimony as to such roundhouses should have been excluded. The assignments of error are sustained.

The ninth assignment of error is overruled. There was no evidence of repudiation of the clause in the contract as to placing the bananas in a roundhouse. The evidence tends to show that appellant accepted the contract and that the only excuse it had to offer for failing to protect the fruit from the extreme cold weather was a lack of room in its roundhouses.

The eleventh, twelfth, thirteenth, fourteenth, fifteenth, and sixteenth assignments of error are without merit and are overruled.

The charge, the refusal of which is complained of in the seventeenth assignment of error, was properly denied by the court. There was no testimony tending to show that appellant repudiated the special clause in the contract and that it accepted the shipment merely because compelled by law to do so. No unwillingness was evinced to receive the shipment, and the testimony tended to show an acknowledgment and recognition of the validity and binding force of the contract. This also disposes of the twentieth assignment of error.

The charges complained of in the eighteenth and nineteenth assignments of error are not open to the criticisms urged against them, and the assignments are overruled.

The twenty-first assignment of error contains matter disposed of adversely to appellant in connection with other assignments of error, and it is overruled.

The judgment is affirmed as to the receiver and the other railway companies, but as to appellant the judgment is reversed, and the cause remanded.

## On Motion for Rehearing.

[5] We adhere to the opinion that the court erred in overruling the special exceptions, but on reconsideration have reached the opinion that the error was harmless in view of the testimony. Appellant admitted receiving

four certain carloads of bananas, and in a cross-action sought to recover freight charges on the cars, and the jury allowed the freight charges. The account for freight specifically named the rate of 56 cents a hundred, and claimed, at that rate, $414.40 freight, and proved that there were 74,000 pounds of bananas in the four cars. The evidence showed that the bananas were worth in Chicago, the point of destination, $1,182.38, with $40 commissions added, making a total of $1,222.38. The jury found that the market value of the bananas in good condition was $1,214.48, which was $7.86 less than the testimony justified. If the lowest value a hundred pounds, $1.60, be taken as the basis of the market value of the bananas, we have $1,184, to which if the commissions are added we have $1,224. The bananas had no value when delivered in Chicago. Under the ruling in the cited case of Houston Packing Co. v. Dunn, the error in overruling the exceptions did not injure appellant, and such error cannot form the basis for a reversal.

[6] The evidence as to the value of bananas in Galveston did not injure appellant, as it was fully shown what the market value of the bananas would have been in Chicago had they been delivered in good condition, and that they were valueless when delivered in Chicago. The jury was properly instructed as to the measure of damages and evidently followed the charge in rendering a verdict based on the market value in Chicago.

[7, 8] The messenger endeavored to protect the bananas by having them "roundhoused" in St. Louis and East St. Louis, and he was justified in not asking that the bananas be protected in Chicago after they had been exposed to very low temperatures and were frozen. The requests made to appellant to protect the fruit was sufficient to arouse some consideration for the rights of the shipper, and, if it allowed the bananas to remain unprotected after they reached Chicago, it cannot escape liability on the ground that it was not requested to perform a duty it owed the shipper. The clause of the contract requiring the cars to be placed in a roundhouse if the temperature of the weather, in the opinion of the messenger, required it applied only while en route to Chicago. Appellant knew that it was the opinion of the messenger that the cars should be protected in St. Louis, and, as the weather was still extremely cold when the bananas reached Chicago, they knew his opinion could not have changed. Independent of the clause in the contract, the carrier owed the duty to preserve the property after it reached its destination until it was delivered. The evidence of Vaughan tended to show that the bananas were frozen before they reached Chicago.

No objection was made to Higgins' testimony, because it gave the market value of bananas at Galveston. The evidence was not injurious.

[9] The charge made the liability of appellant absolute under the contract if it failed to protect the bananas, and no complaint is made of the charge on that score. The charge having rendered the fact of the roundhouse of appellant being unable to accommodate the four cars of fruit not a valid defense, the testimony as to a roundhouse being at Rosedale was of no consequence whatever.

There was no evidence of repudiation of the contract as to storage, but appellant ratified it by making some effort to perform the clause in the contract.

The motion for rehearing is granted, our former judgment set aside, and the judgment of the lower court is affirmed.